[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16858
Non-Argument Calendar

_____

D. C. Docket No. 08-00119-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO FUENTES-VILLAFRANCO,
a.k.a. Eduardo Casarres,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Eduardo Fuentes-Villafranco was convicted of illegally re-entering the

United States after previous deportation, in violation of 8 U.S.C. § 1326(a), and the district court sentenced him to prison for 70 months, an upward variance from the guidelines sentence range of 24 to 30 months. He now appeals his sentence, contending that it is unreasonable because it is greater than necessary to accomplish the goals of sentencing. Specifically, he argues that: (1) a sentence within the guidelines sentence range would have accomplished the goal of deterrence; (2) the district court failed to consider mitigating circumstances, such as the physical abuse he suffered as a child, his history of homelessness, and his history of depression and substance abuse; and (3) the district court placed too much weight on his previous offenses, which included more than 24 immigration violations and repeated drunk driving convictions.

In United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." Conducting such review, we "merely ask[] whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). Pursuant to Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), appellate review for reasonableness is a two-step process. Pugh, 515 F.3d at 1190. First, we "ensure that the district court committed no significant procedural error." Id. (quotation omitted). Second, we

2

consider the substantive reasonableness of the sentence. Id.

Section 3553(a) provides that, in fashioning a sentence, district courts must consider: (1) the applicable Guidelines Sentence range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(6). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). In imposing a reasonable sentence, a court may impose an upward variance based on conduct that has been accounted for in a sentencing enhancement. See id. at 833-34.

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Here, the district court explicitly discussed many of the § 3553(a) factors,

including Fuentes-Villafranco's history and characteristics and the need to protect the public. Given, among other things, Fuentes-Villafranco's repeated disregard for the laws of the United States, we conclude that the district court did not abuse its discretion in imposing the sentence at issue.

AFFIRMED.